**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID ECHOLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 12 C 9797** |
| v. | ) | |
| | ) | **Magistrate Judge Jeffrey Cole** |
| **CAROLYN COLVIN, Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Davida Echols, seeks review of the final decision of the Commissioner ("Commissioner") of the Social Security Administration ("Agency") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 423(d)(2), and Supplemental Security Income ("SSI") under Title XVI of the Act. 42 U.S.C. § 1382c(a)(3)(A). Ms. Echols asks the court to reverse and remand the Commissioner's decision, while the Commissioner seeks an order affirming the decision.

### I.
### PROCEDURAL HISTORY

Ms. Echols applied for SSI and DIB on November 29, 2010, alleging that she had become disabled on May 10, 2009, due to depression, diabetes, fatigue, left foot problems, and insomnia. (Administrative Record ("R.") 225-32, 233-38). Her application was denied initially and upon reconsideration. (R. 154-62, 165-72). Ms. Echols continued pursuit of her claim by filing a timely request for a hearing.

An administrative law judge ("ALJ") convened a hearing on March 28, 2012, at which Ms. Echols, represented by counsel, appeared and testified. A vocational expert testified as well. (R.

43-105). On May 9, 2012, the ALJ issued a decision finding that Ms. Echols was not entitled to benefits because despite several severe impairments – multiple injuries due to a mugging and a motor vehicle accident, cervical spondylitic changes, multi-level degenerative disc disease – she was still able to perform a limited range of light work. This residual functional capacity meant she could do jobs such as receptionist, reservationist, or order clerk. (R. 21-37). This became the final decision of the Commissioner when the Appeals Council denied Ms. Echols' request for review of the decision on October 16, 2012. (R. 1-7). *See* 20 C.F.R. §§ 404.955; 404.981. Ms. Echols has appealed that decision to the federal district court under 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.

This case turns on the fact that the ALJ ignored certain evidence that was part of the record before him. On April 10, 2012, the plaintiff's counsel faxed a report from her treating physician, Dr. Ezike, identified in the record as Exhibit B20. (R. 646-48). On April 5, 2012, plaintiff's counsel – again by fax – submitted several pages of medical records including an MRI and surgical report regarding the removal of a ganglion cyst, identified in the record as Exhibit B21. (R. 649-681). While both submissions were made prior to the ALJ's decision of March 9, 2012, they did not appear in the ALJ's list of evidence he considered is arriving at his decision that she was not disabled under the Act. (R. 38-42). This is significant, because the ALJ cannot simply ignore entire lines of evidence before him or selectively consider medical reports. If he does, a remand is warranted. *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012); *Myles v. Astrue,* 582 F.3d 672, 678 (7th Cir.2009); *Terry v. Astrue,* 580 F.3d 471, 477 (7th Cir.2009).

The Commissioner argues that the ALJ did not commit such an error because the evidence in question was not before him. She bases this on the fact that the ALJ did not mention the evidence in his list of evidence considered and on her contention that plaintiff's counsel faxed the documents to the wrong fax number. The first argument is meaningless. It is akin to saying that it's alright for an ALJ to ignore evidence that was submitted in timely fashion as long as he doesn't mention it in his list of exhibits. The second argument is what really matters: was the evidence properly submitted.

The Commissioner relies on the stamps on the top of each faxed page. Those stamps list the date and time of receipt – 2012-04-10 15:06 and 2012-04-05 11:03 – the sender's name and phone number, and the recipient's phone number – in this instance, Desk#:8776974889. (R. 646, 649). The Commissioner points out that the correct number for faxing evidence was 877-670-6914, as shown on the fax cover sheets, not 877-697-4889. (R. 646, 649). So, for the Commissioner, this means that plaintiff's counsel faxed the evidence to the wrong number, and that it never made it into the record before the ALJ.

The number stamped at the top of each page – the 877-697-4889 – isn't even a fax number. It's a phone number for the Social Security Administration's National Network Service Center. Based on the menu, the number is a network support number for Social Security employees. So, it's unclear why that number was stamped on the faxed pages, unless it is there to direct the employee receiving the fax to the support number should there be any difficulty with the electronic filing system. In any case, as the plaintiff maintains, the evidence could not have been faxed to this number. Moreover, all the other evidence bearing the 877-697-4889 stamp – Exhibits B11 (R. 538), B17 (R. 616), B18 (R. 618), and B19 (R. 644) made it into the record before the ALJ. (R. 38-42).

This holds true whether the cover sheets identified the correct fax number as 877-670-6914 (R. 616, 618, 644) or 877-435-0326. (R. 538).

Given these facts, and keeping in mind Ockham's Razor, it is most likely the case that the ALJ neglected the evidence – a common enough error, *see e.g.Perkins v. Astrue*, 498 Fed.Appx. 641, 643 (7th Cir. 2013); *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012); *Eakin v. Astrue*, 432 Fed.Appx. 607, 611 (7th Cir. 2011); *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009); *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 703 (7th Cir. 2009) – or the evidence was misplaced somewhere in the bureaucracy. In either case, the evidence was submitted before the ALJ rendered his decision. The fault was not the plaintiff's or her attorney's and this case must be remanded due to the ALJ's failure to consider relevant evidence in the record.

## CONCLUSION

The plaintiff's motion for remand [#14] is GRANTED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 10/10/13

4